```
              UNITED STATES DISTRICT COURT
         FOR THE MIDDLE DISTRICT OF PENNSYLVANIA
```

| | | |
|---|---|---|
| MARK WHITEBREAD, | : | CIVIL NO. **4:06-CV-2404** |
| Plaintiff | : | (Judge McClure) |
| v. | : | (Magistrate Judge Smyser) |
| EUGENE BERDANIER, et al., | : | |
| Defendants | : | |

## **REPORT AND RECOMMENDATION**

The plaintiff, a prisoner proceeding *pro se,* commenced this 42 U.S.C. § 1983 action by filing a complaint on December 15, 2006.

On January 25, 2007, the defendants filed a motion to dismiss the complaint and/or for summary judgment.  Also on January 25, 2007, the defendants filed a brief and documents in support of their motion.  The plaintiff did not file a brief in opposition to the motion as required by Local Rule 7.6.

By an Order dated March 6, 2007, the plaintiff was ordered to file a brief in opposition to the defendants' motion to dismiss and/or for summary judgment and any summary judgment evidence in opposition to the motion on or before March 26, 2007.  The Order of March 6, 2007, warned the plaintiff that if he failed to file a brief in opposition, we would consider recommending that this action be dismissed pursuant to Fed.R.Civ.P. 41(b), by application of the factors in *Poulis v. State Farm Fire & Casualty Co.*, 747 F.2d 863, 868 (3d Cir. 1984).

The plaintiff has not filed a brief in opposition to the defendants' motion to dismiss and/or for summary judgment as ordered.

Federal Rule of Civil Procedure 41(b) allows for the dismissal of an action where the plaintiff fails to prosecute or fails to comply with rules or orders of the court.  The plaintiff has failed to prosecute this action and has failed to obey the court's Order of March 6, 2007, and Local Rule 7.6 (formerly Rule 401.6), which requires the filing of an opposition brief.  The case should be dismissed pursuant to Fed.R.Civ.P. 41(b).

In *Stackhouse v. Mazurkiewicz*, 951 F.2d 29 (3d Cir. 1991), the court reversed the district court's dismissal for the *pro se* plaintiff's failure to file a brief in accordance with Rule 401.6, Rules of Court, M.D. Pa.  The court stated that failure to obey the local rule should not form the basis for dismissal without an analysis of the merits of the case.  The court noted that dismissal was not to be ruled out if the party was represented by an attorney and in fact did not oppose the motion.  "Nor do we suggest that if a party fails to comply with the rule after a specific direction to comply from the court, the rule cannot be invoked.  Thus, our holding is not broad."  951 F.2d at 30.

In this case, the plaintiff was specifically directed to file a brief in opposition to the motion to dismiss and/or for summary judgment.  The plaintiff did not obey either the rule or the Order.

The Third Circuit has applied the same general analysis, using some or all of the six part test enunciated in *Poulis v. State Farm Fire & Casualty Co.*, 747 F.2d 863, 868 (3d Cir. 1984), in reviewing all orders which deprive a party of

3

the right to proceed with or defend a claim. *Comdyne I, Inc. v. Corbin*, 908 F.2d 1142, 1148 (3d Cir. 1990).  The *Poulis* factors the court should consider are:

> (1) the extent of the party's personal responsibility; (2) the prejudice to the adversary caused by the failure to meet scheduling orders and respond to discovery; (3) a history of dilatoriness; (4) whether the conduct of the party or the attorney was willful or in bad faith; (5) the effectiveness of sanctions other than dismissal, which entails an analysis of alternative sanctions; and (6) the meritoriousness of the claim or defense.

*Id.*

The plaintiff's dilatoriness outweighs any of the other considerations set forth in *Poulis*.  The plaintiff's failure to comply with the Order of March 6, 2007, indicates that the plaintiff has abandoned this lawsuit.[1]

Based on the foregoing, it is recommended that the action be dismissed pursuant to Fed.R.Civ.P.41(b), for the

---

[1]. Additionally, an Order from the court dated April 16, 2007 denying the plaintiff's motion for the appointment of counsel was recently returned to the court as undeliverable.  It appears that the plaintiff has not kept the court informed of his current address.  This is yet another indication that the plaintiff has abandoned this lawsuit.

4

plaintiff's failure to obey Local Rule 7.6 and the Order of March 6, 2007.

                                                ***/s/ J. Andrew Smyser***
                                                J. Andrew Smyser
                                                Magistrate Judge

Dated:   April 30, 2007.